HAIER et al. v. GOODNER WHOLESALE GROCER CO. et al. (No. 2171.)

(Court of Civil Appeals of Texas. Amarillo. June 20, 1923. Rehearing Denied Oct. 3, 1923.)

Appeal and error &#9758;1011(1)—Judgment on conflicting evidence sustained.

Where evidence was conflicting as to whether attached automobile belonged to the debtor or was purchased by him for his father and was owned by the father, judgment sustaining the attachment must be sustained.

Appeal from Wichita County Court; Guy Rogers, Judge.

Action by the Goodner Wholesale Grocer Company and others against John Haier and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Nicholson & Felder, of Wichita Falls, for appellants.

Weeks, Morrow & Francis, of Wichita Falls, for appellees.

KLETT, J. The plaintiff Goodner Wholesale Grocer Company obtained a judgment against the appellants as makers of a replevy bond given to secure the release of a Buick automobile, attached by the plaintiff as the property of the defendant J. Alfred Haier, an insolvent debtor. The suit was filed August 4, 1921, writ of attachment was issued August 6, 1921, and levied October 10, 1921. The appellants claimed that the car was either community property of defendant's parents John Haier and Mrs. Mary Haier, or the separate property of Mrs. Mary Haier. The appellants introduced testimony to the effect that in July, 1920, the defendant H. Alfred Haier, at the request of his father, bought the car when new from the Dixon Motor Company, and that he paid his father's money therefor; that it was the understanding in the family that the car was to be a gift from the father to the mother, although the son used it as a pleasure car; that the son had no money with which to buy a car at the time, but that by mistake or otherwise H. Alfred Haier's name was entered on the Motor Company's books as the name of the purchaser, Mr. Dixon of the Dixon Motor Company testifying that

the son stated at the time of the purchase he was buying the car for his father; that thereafter, when a question concerning the payment of taxes on the car arose, and the father learned that the car stood in the son's name, at the office of the Dixon Motor Company, a bill of sale to the mother was executed by the son on July 11, 1920, and filed August 11, 1920. The mother did not pay the son anything for the car, which was valued by the sheriff at $1,200 at the time of the levy. The plaintiff attacked the validity of the transfer under article 3967, which declares that every conveyance made by an insolvent debtor without consideration is void as to prior creditors. The appellants assert, however, that the foregoing testimony conclusively shows that the father, and not the son, bought and paid for the car, and that therefore the father, as the legal owner, had the right to give the car to the mother. Upon a consideration of the record we are forced to disagree with the contention of the appellant for the reason that there is controverting evidence to the effect that the son was the owner of the car. Attention is called to the testimony of Pat McGee who swore:

"I don't know who the Buick automobile belonged to, only what H. Alfred Haier said. He told me it was his car, and he paid for it himself. John Haier said so to Goodner. I say that John Haier said that Alfred Haier paid for it; that is what he told me."

L. Shields testified for the plaintiff:

"During the conversation, I asked Mr. John Haier concerning the ownership of a Buick automobile, described as Model K–45, five passenger. I had checked the record of the Dixon Motor Company, and it developed that H. Alfred Haier purchased the car on July 10th, I think in 1920. * * * I asked Mr. John Haier in the conference room of the Goodner Wholesale Grocer Company if the car was H. Alfred Haier's and he said yes, he bought it, and paid for it with his own money to the Dixon Motor Company. My purpose in going to the Dixon Motor Company was to determine who purchased the car."

The evidence being conflicting upon the question of the ownership we are required to overrule the appellant's assignments and sustain the judgment of the trial court.

Affirmed.

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes